JAMES W. WHARF

*v.*

THOMAS W. ROBERTS.

FRAUD—*representations not known to be untrue.* A party procuring another to accept an agency of an insurance company, will not be liable to the latter from the mere fact that his written representations as to what the company would do turn out to be untrue. It must appear that he knew their falsity, and the other party relied upon the same, and sustained damage in consequence thereof.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. HAY, GREENE & LITTLER, for the appellant.

Messrs. PATTON & LANPHIER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action on the case for fraud, brought by Roberts against Wharf. The fraud charged is, that Wharf falsely and fraudulently made divers representations to Roberts, as an inducement to Roberts to accept the position of an insurance agent, and to procure parties to take policies. Verdict and judgment were for plaintiff, and defendant appeals.

The evidence of such representations consists entirely in letters written by Wharf to Roberts. There is really no question of law presented in this case. It is simply a question of fact whether Wharf did make any false representations of the kind mentioned to Roberts, and if so, whether he knew them to be false at the time they were made, and whether Roberts relied upon them, and suffered damage thereby.

After a careful examination of the testimony in the case, and a comparison of the statements contained in the letters with the facts as they are shown by the testimony, we do not find any evidence tending to charge defendant with having made any such false representations. That he encouraged Rob-

erts to believe that the insurance company, for which he was an agent, would make loans more freely than it afterwards turned out that they did, there seems to be no doubt; but there is no evidence whatever tending to show that, at the time he gave such encouragement, he did not believe that it was well founded. The fact that he was mistaken as to what the company would do, does not charge him with fraud. He never pretended that he had the control of that subject in behalf of the company, in any letter that he has written.

The verdict is not supported by the proofs, and a new trial ought to have been granted.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*